UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
QUICK CUISINE AG,

                           Plaintiff,

             -against-

UB2B INC., CMA TRADING INC., and UNIVERSAL
FOOD TRADING,

                         Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

:
:
:
:
:

<u>COMPLAINT</u>

Civil Action No.

08 Civ 1601 (Ber)
Judge Lynch

      Plaintiff, Quick Cuisine AG ("Quick Cuisine"), for its complaint against the defendants UB2B
Inc. ("UB2B"), CMA Trading Inc. ("CMA"), and Universal Food Trading ("Universal") (UB2B, CMA,
and Universal, collectively, "Defendants"), alleges as follows:

NATURE OF THE ACTION

      1.    This is an action by Quick Cuisine to recover (a) the reasonable and agreed value
of a variety of cooked foods in a unique, self-heating package ("Product") which Quick Cuisine sold and
delivered to the Defendants in June, 2007, at UB2B's specific request, for which Defendants have failed
and refused to pay despite Quick Cuisine's repeated demands for payment, (b) upon an account stated
by Quick Cuisine to Defendants to which said Defendants did not object, and, in fact, did advise Quick
Cuisine they would pay but, to date, have failed and refused to pay, and (c) the balance due to Quick
Cuisine from UB2B for banking charges owed by UB2B which were deducted by the bank from
amounts due from UB2B to Quick Cuisine for the reasonable and agreed value of Product which Quick
Cuisine sold and delivered to UB2B in May, 2007.

PARTIES

2.    At all times hereinafter mentioned Quick Cuisine was and is a corporation organized and existing under the laws of Switzerland, maintaining its principal place of business at Lettenstrasse 7, in the City of Rotkreuz, Switzerland.  Quick Cuisine maintains no offices for the transaction of business in the United States.

3.    At all times hereinafter mentioned Quick Cuisine was and is engaged in the business of manufacturing and selling a variety of cooked foods in a unique self-heating package ("Product").

4.    Upon information and belief at all times hereinafter mentioned defendant UB2B was and is a corporation organized and existing under the laws of the State of New Jersey, maintaining its principal place of business at 463 Barell Avenue, Carlstadt, New Jersey.

5.    Upon information and belief, at all times hereinafter mentioned UB2B was and is engaged in the business of distributing and selling merchandise of many types, including food, to various wholesalers and retailers.

6.    Upon information and belief at all times hereinafter mentioned CMA was and is a corporation organized and existing under the laws of the State of New Jersey, maintaining its principal place of business at 297-101 Kinderkamack Road, Oradell, New Jersey.

7.    Upon information and belief at all times hereinafter mentioned CMA was and is engaged in the business of distributing and selling merchandise, including food, to various wholesalers and retailers.

8.      Upon information and belief, at all times hereinafter mentioned, Universal was a New Jersey partnership formed by UB2B and CMA and/or their respective principals or is a trade name used by UB2B and CMA and/or their respective principals, maintaining its principal place of business at 463 Barell Avenue, Carlstadt, New Jersey.

9.      Upon information and belief at all times mentioned Universal was and is engaged in the business of distributing and selling merchandise, including food, to various wholesalers and retailers.

JURISDICTION AND VENUE

10.      This Court has jurisdiction pursuant to 28 U.S.C. §1332 (a) (2) as this action is between a foreign corporation and citizens of the State of New Jersey and involves a controversy in excess of $75,000, and supplemental jurisdiction pursuant to 28 U.S.C. §1367 (a).

11.      Venue is proper in this district pursuant to 28 U.S.C. §1391 (a) (2) in that a substantial part of the events giving rise to Quick Cuisine's claims occurred in the City, County, and State of New York.

FACTS

12.      Quick Cuisine is the manufacturer of the Product which, in 2007, was not being manufactured in the United States.  Pages from Quick Cuisine's website describing its Product are attached hereto as Exhibit A.

13.      After a series of meetings between UB2B's President, Fatima Siner, and CMA's President, Gus Eben, and Quick Cuisine's Marketing and Sales Agent, Sevim S.A. by its President, Nicky Sevim, in the City, County, and State of New York in early 2007, UB2B placed two orders with

Quick Cuisine for the Product, advised Quick Cuisine that it planned on placing more orders of similar size, and requested that Quick Cuisine manufacture and warehouse sufficient Product to satisfy its future orders which, it represented, would continue on a monthly basis for similar amounts.

14.    The first order ("First Order") was placed by UB2B in April, 2007, for 26,880 units of Product at a price of $89,686.13 as set forth in Quick Cuisine Invoice No. 1868 ("First Invoice"), copy annexed hereto as Exhibit B and incorporated herein by reference. (The Euros set forth in all invoices have been converted to dollars using a Euro/dollar exchange rate of 1.465.) The First Order was paid except for the sum of $1,686.00 for charges due the bank in connection with UB2B's letter of credit. This amount was deducted by the bank from amounts due to Quick Cuisine from UB2B for delivered Product, and are the responsibility of UB2B as set forth on the First Invoice, but UB2B failed to remit this amount to Quick Cuisine despite due demand therefor.

15.    The second order ("Second Order") was placed by UB2B in May, 2007, for 26,880 units of Product, at a price of $89,686.13 as set forth in Quick Cuisine Invoice No. 1882 ("Second Invoice"), copy annexed hereto as Exhibit C and incorporated herein by reference. At UB2B's request, these goods were sold and delivered to Defendants, to whom the Second Invoice is addressed. However, Defendants have failed to pay the Second Invoice despite due demands that they do so and repeated assurances by the Presidents of both UB2B and CMA that payment in full would be made.

## FIRST CLAIM AGAINST UB2B
### (Breach of Contracts)

16.    Quick Cuisine repeats and realleges the allegations of Paragraphs 1 through 15 hereof as if fully set forth herein.

17.    In or about April and May, 2007, Quick Cuisine and UB2B entered into two contracts. Pursuant to the First Order, Quick Cuisine agreed to sell and deliver specified Product to UB2B and, pursuant to the Second Order, Quick Cuisine agreed to sell and deliver specified Product to all Defendants, and UB2B agreed to pay specified sums to Quick Cuisine.

18.    UB2B breached the foregoing contracts between it and Quick Cuisine in that despite due demand therefor, UB2B has failed and refused to pay Quick Cuisine (a) with respect to the First Order, the sum of $1,686.00 which was deducted by the bank from amounts due to Quick Cuisine from UB2B for Product delivered to UB2B and which, pursuant to the parties' agreement as set forth on the First Invoice, were the responsibility of UB2B, and (b) with respect to the Second Order, the sum of $89,686.13 representing the agreed value of the Product which Quick Cuisine duly sold and delivered to Defendants at UB2B's specific request.

19.    As a result of the foregoing facts Quick Cuisine has been damaged in the amount of $91,372.13.

## SECOND CLAIM AGAINST ALL DEFENDANTS
(Reasonable Value)

20.    Quick Cuisine repeats and realleges the allegations of Paragraphs 1 through 15, 17, and 18 hereof as if fully set forth herein.

21.    The reasonable value of the Product sold and delivered by Quick Cuisine to Defendants in June, 2007, was $89,686.13 which sum has not been paid to Quick Cuisine despite due demand therefor.

22.    As a result of the foregoing facts Quick Cuisine has been damaged in the amount of $89,686.13.

## THIRD CLAIM AGAINST DEFENDANTS

(Account Stated)

23.    Quick Cuisine repeats and realleges the allegations of Paragraphs 1 through 15, 17, 18, and 21 hereof as if fully set forth herein.

24.    On June 27, 2007, Quick Cuisine forwarded the Second Invoice to each of the Defendants reflecting that the amount of $89,686.13 was due to it from Defendants, jointly and severally.

25.    Defendants never objected to the Second Invoice, and, in fact, the respective President of each of UB2B and CMA advised Quick Cuisine that the full amount would be paid.  To date, Defendants have failed to remit payment to Quick Cuisine on the account stated to them in the Second Invoice of $89,686.13

26.    As a result of the foregoing facts Quick Cuisine has been damaged in the amount of $89,686.13.

## PRAYER FOR RELIEF

WHEREFORE, Quick Cuisine demands judgment as follows:

1.    On the First Claim against UB2B, in the amount of $91,372.13 together with interest as allowed by law from September 1, 2007; and

2.    On the Second and Third Claims against each of U2B2, CMA, and Universal, jointly and severally, in the amount of $89,686.13 together with interest from September 1, 2007; and

3.      The costs and disbursements of this action; and

4.      Such other and further relief as this Court shall deem just and proper.

Dated:  New York, New York
        February 13, 2008

                                        Respectfully submitted,
                                        TANNENBAUM DUBIN & ROBINSON, LLP

                                        By:_____
                                            Laura H. Rubin (LR-0332)

                                        1140 Avenue of the Americas
                                        New York, New York 10036
                                        Tel:    (212) 302-2900

                                        Attorneys for Plaintiff
                                          Quick Cuisine AG

SEM21081.L50

# EXHIBIT A





**QUICKCUISINE products are prepared meals which heat up all by themselves (self-heating).**

You now have the opportunity of tasting an excellent hot meal whenever and wherever you so desire.

**You will enjoy this very practical meal in a variety of places such as:**
Whilst travelling, camping, on the beach, at a picnic, whilst sailing, in the office or simply at home.





**CAUTION:** Open the can with caution. To avoid unecessary risks, do not open the kit and do not manipulate the heating system. Direct contact with the eyes can be harmful. Adhere to the user instructions. The meal can become extremely hot therefore ensure that the box is placed on a heat resistant surface.

**STORE AT ROOM TEMPERATURE. DO NOT REFRIGERATE**



Enjoy a delicious hot meal in only 10 minutes!
**Special FDA approved meals available for USA & Canada**









# EXHIBIT B

**QUICK CUISINE AG**
Lettenstrasse 7
Postfach
CH-6343 Rotkreuz
Switzerland
Vat N° : 644 439

Tel : +41 41 792 02 37
Fax : +41 41 792 02 36



*Marketing & Sales*
SEVIM S.A.
Espace 114, Grand-Rue 114
CH-1820 Montreux
Switzerland
Tel : +41 21 963 74 40
Fax : +41 21 963 74 39
Email: info@quickcuisine.info

Représentant fiscal Schneider SA
7 rue Alexandre Freund BP 176
F 68 305 Saint-Louis Cedex
Numéro de TVA: 33 492 972 922

**INVOICE N° 1874**

EX WORKS FRANCE

| | |
|---|---|
| Name | **DYAD** |
| Address | **ZI des prés Loribes** |
| | **F-59 128 Flers en Escrebieux** |
| | **France** |
| TVA N° | **FR 00 439 626 888** |
| Contact | **Jérémie** |
| Tél | **+33 3.27.86.96.30** |

| | |
|---|---|
| Date | **31 May 2007** |
| Order N° | 010307FS |
| Invoice N° | 1874 |
| REF. PROFORMA INVOICE | |
| | N° **1868** |
| Payment Terms | Balance due paid by |
| | irrevocable Letter of |
| | Credit payable at sight. |
| | All banking and other |
| | charges to be |
| | borne by customer. |

INVOICE TO:

| | |
|---|---|
| Name | **UB2B INC** |
| Address | **463 BARELL AVE** |
| | **CARLSTADT, NJ 07072** |
| | **U.S.A.** |
| Tel: | **201 319 9700** |

| | |
|---|---|
| Client No.: | 21940 |
| Delivery: | Ex-works France |
| Destination: | U.S.A. |

| Quantity | Description | Weight | | Unit price | Amount (EUR) |
|---|---|---|---|---|---|
| | **Press 'nHEat self-heating meals** | 300 g | | | |
| 4032 | Tuna Burgundy with Vegetables | 10.58 oz | (FDA n° 030228009) | € 2.34 | € 9,434.88 |
| 6720 | Seafood Paella | 10.58 oz | (FDA n° 030228007) | € 2.29 | € 15,388.80 |
| 6720 | Ravioli stuffed with Vegetables in Tomato Sauce | 10.58 oz | (FDA n° 030228008) | € 2.24 | € 15,052.80 |
| 6720 | Rotini (Tortellini) with Tomato Sauce | 10.58 oz | (FDA n° 030523001) | € 2.24 | € 15,052.80 |
| 2688 | Salmon & Vegetables with Lemon Sauce | 10.58 oz | (FDA n° 030523003) | € 2.34 | € 6,289.92 |

Objections must be sent to us in writing within 7 days of receipt
of goods, failing which, they will not be considered.

No bank or other charges to be deducted from settlement.

Ownership of goods is retained until full settlement.

IMPORTANT: Payment to be made directly to:

| | |
|---|---|
| Bank: | CREDIT SUISSE, CH-8070 ZÜRICH |
| Account name: | QUICK CUISINE AG |
| IBAN (EUR): | CH55 0483 5084 2190 2200 0 |
| SWIFT / BIC: | CRESCHZZ80A |

| | | |
|---|---|---|
| | Sub-total | € 61,219.20 |
| Livraison exonérée selon l'article 262-I-1 du CGI | Total amount due immediately | € 61,219.20 |

# EXHIBIT C

**QUICK CUISINE AG**

Lettenstrasse 7
Postfach
CH-6343 Rotkreuz
Switzerland
Vat N°: 644 439

Tel : +41 41 792 02 37
Fax : +41 41 792 02 36

Représentant fiscal Schneider SA
7 rue Alexandre Freund BP 176
F 68 305 Saint-Louis Cedex
Numéro de TVA: 33 492 972 922



*Marketing & Sales*
**SEVIM S.A.**

Espaca 114, Grand-Rue 114
CH-1820 Montreux
Switzerland
Tel : +41 21 963 74 40
Fax : +41 21 963 74 39
Email: info@quickcuisine.info

### EX WORKS FRANCE

*INVOICE N° 1882*

| | |
|---|---|
| Name | DYAD |
| Address | ZI des prés Loribes |
| | F-59 128 Flers en Escrebieux |
| | France |
| TVA N° | FR 00 439 626 888 |
| Contact | Jérémie |
| Tél | +33 3.27.86.96.30 |

| | |
|---|---|
| Date | 27 June 2007 |
| Order N° | 120307GE |
| Invoice N° | 1882 |
| Payment Terms | 60 days from date of collection of goods from DYAD. Payment by wire transfer in EURO. |

**INVOICE TO:**

| | |
|---|---|
| Name | UB2B INC / CMA TRADING INC / UNIVERSAL FOOD TRADING for *PRESS 'nHEat* |
| Address | 463 BARELL AVE |
| | CARLSTADT, NJ 07072 |
| | U.S.A. |
| Tel: | 201 319 9700 |

| | |
|---|---|
| Client No.: | 21940 |
| Delivery: | Ex-works France |
| Destination: | U.S.A. |

| Quantity | Description | Weight | | Unit price | Amount (EUR) |
|---|---|---|---|---|---|
| | **Press 'nHEat self-heating meals** | 300 g | | | |
| 4032 | Tuna Burgundy with Vegetables | 10.58 oz | (FDA n° 030228009) | € 2.34 | € 9,434.88 |
| 6720 | Seafood Paella | 10.58 oz | (FDA n° 030228007) | € 2.29 | € 15,388.80 |
| 6720 | Ravioli stuffed with Vegetables in Tomato Sauce | 10.58 oz | (FDA n° 030228003) | € 2.24 | € 15,052.80 |
| 6720 | Rotini (Tortellini) with Tomato Sauce | 10.58 oz | (FDA n° 030523001) | € 2.24 | € 15,052.80 |
| 2688 | Salmon & Vegetables with Lemon Sauce | 10.58 oz | (FDA n° 030523003) | € 2.34 | € 6,289.92 |

Objections must be sent to us in writing within 7 days of receipt of goods, failing which, they will not be considered.

No bank or other charges to be deducted from settlement.

Ownership of goods is retained until full settlement.

IMPORTANT: Payment to be made directly to:

| | |
|---|---|
| Bank: | CREDIT SUISSE, CH-8070 ZÜRICH |
| Account name: | QUICK CUISINE AG |
| IBAN (EUR): | CH55 0483 5084 2190 2200 0 |
| SWIFT / BIC: | CRESCHZZ80A |

| | |
|---|---|
| Sub-total | € 61,219.20 |
| Total amount due immediately | € 61,219.20 |

Livraison exonérée selon l'article 262-I-1 du CGI