# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

QUICK CUISINE AG,

                Plaintiff,

v.

UB2B INC., CMA TRADING INC., and
UNIVERSAL FOOD TRADING,

                Defendants.

Case No.:  08-CV-1601
(Lynch, J.) (Francis, M.J.)

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE DEFAULT JUDGMENT ENTERED AGAINST DEFENDANTS UB2B INC. AND UNIVERSAL FOOD TRADING AS PER F.R.C.P. 60(B)(4) OR, IN THE ALTERNATIVE, F.R.C.P. 60(B)(1) AND F.R.C.P. 60(B)(6), AND TO DISMISS PLAINTIFF'S COMPLAINT AS TO ALL DEFENDANTS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO F.R.C.P. 12(B)(2)**

SCHENCK, PRICE, SMITH & KING, LLP
John P. Campbell (JC-8746)
305 Broadway, Suite 900
New York, New York 10007
(212) 822-1494
Attorneys for Defendants, UB2B Inc., CMA
Trading Inc., and Universal Food Trading

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................ii

PRELIMINARY STATEMENT........................................ 1

STATEMENT OF FACTS.......................................... 3

LEGAL ARGUMENT ............................................. 7

    POINT I

THE DEFAULT JUDGMENT ENTERED AGAINST UB2B AND
UNIVERSAL IS VOID PURSUANT TO F.R.C.P. 60(b)(4)
BECAUSE IT WAS OBTAINED IN THE ABSENCE OF IN *PERSONAM
JURISDICTION* OVER THESE DEFENDANTS ........................7

    POINT II

DEFAULT JUDGMENT ENTERED AGAINST UB2B AND UNIVERSAL IN
FAVOR OF PLAINTIFF MUST BE VACATED PURSUANT TO
F.R.C.P. 60(B)(1) .........................................14

    POINT III

DEFAULT JUDGMENT ENTERED AGAINST UB2B AND UNIVERSAL IN
FAVOR OF PLAINTIFF MUST BE VACATED PURSUANT TO
F.R.C.P. 60(B)(6) .........................................18

    POINT IV

PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS TO ALL
DEFENDANTS PURSUANT TO F.R.C.P. 12(B)(2) BECAUSE THIS
COURT DOES NOT HAVE PERSONAL JURISDICTION OVER THE
DEFENDANTS ................................................20

CONCLUSION.................................................21

## TABLE OF AUTHORITIES

**Cases**

A.I. Trade Fin., Inc. v. Petra Bank, 989 F.2d 76, 79-80 (2d Cir. 1993)........................................ 20

Am. Inst. of Certified Pub. Accountants v. Affinity Card, Inc., 8 F. Supp. 2d 372, 375 (S.D.N.Y.

1998) ................................................................................................................................... 7

Am. Inst. of Certified Pub. Accountants v. Affinity Card, Inc., 8 F. Supp. 2d 372, 375 (S.D.N.Y.

1998) (citations omitted)................................................................................................... 10

Anello v. Barry, 149 A.D.2d 640, 540 N.Y.S.2d 460 (2nd Dept. 1989)........................................ 8

Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988)

....................................................................................................................................... 16

Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990) (alteration in

original)). ........................................................................................................................ 20

Beller & Keller v. Tyler, 120 F.3d 21 ........................................................................................... 7

Bensusan Rest. Corp. v. King, 126 F.3d 25, 27 (2d Cir. 1997)).................................................... 8

Bensusan, 126 F.3d at 27 (citing Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567

(2d Cir. 1996)) ................................................................................................................... 8

Bituminous Cas. Corp. v. Garcia, 223 F.R.D. 308 (N.D. Tex. 2004)........................................... 15

Bryant v. Finnish Natl. Airline, 15 N.Y.2d 426, 432; see generally, Siegel, NY Prac §§ 82,83.... 9

Calder v. Jones, 465 U.S. 783 (1984)......................................................................................... 10

Calder v. Jones, 465 U.S. 783, 788 (1984) (quoting Int'l Shoe, 326 U.S. at 316 (1945))............ 10

Central Operating Co. v. Utility Workers of America, 491 F.2d 245 (4th Cir. 1974).................. 16

China Mariners' Assurance Corp. v. M.T. W.M. Vacy Ash, No. 96 Civ. 9553, 1999 U.S. Dist.

LEXIS 2674, 1999 W.L. 126921, at *3 (S.D.N.Y. Mar. 9, 1999)............................................ 10

China Mariners' Assurance Corp. v. M.T. W.M. Vacy Ash, No. 96 Civ. 9553, 1999 U.S. Dist. LEXIS 2674, 1999 WL 126921, at *3 (S.D.N.Y. Mar. 9, 1999) (citation omitted). ................ 8

Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995). ............................................................. 7

Covington Industries, Inc. v. Resintex A.G., 629 F.2d 730, 732 n.3 (2d Cir. 1980) .................... 7

Delagi v. Volkswagenwerk AG, 29 N.Y.2d 426, 430-431. .................................................. 8

DeMartino v. Rivera, 148 A.D.2d 568, 539 N.Y.S.2d 38 (2nd Dept. 1989). ............................... 17

El Cid, Ltd. v New Jersey Zinc Co., 444 F. Supp. 845 (S.D.N.Y. 1977) .................................... 12

Feliciano v. Reliant Tooling Co., 691 F.2d 653, 656 (3rd Cir. 1982). .................................... 14, 18

First Cap. Asset Mgmt., Inc. v. Brickellbush. Inc., 218 F. Supp. 2d 369, 393 (S.D.N.Y. 2002) (quoting Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 95 (2d Cir. 2000)). .................... 9

Hanson v. Denckla, 357 U.S. 235 (1958) ................................................................. 10

Hanson v. Denckla, 357 U.S. 235, 253 (1958) ............................................................ 10

Hibernia Nat'l Bank v. Administration Central Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985) ............................................................................................... 14

Insurance Co. of North America v. Morrison, 154 F.R.D. 278, 280 (M.D. Fla. 1994) ................... 14

Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945). ..................................................... 1, 10

International Shoe Co. v. Washington, 326 U.S. 310, 90 L.Ed. 95, 66 S.Ct. 154 (1945). ............. 9

Laguna Royalty Co. v. Marsh, 350 F.2d 817, 823 (5th Cir. 1965). ..................................... 14

Landoil Resources Corp. v. Alexander & Alexander Services, Inc. (1990), 77 N.Y.2d 28, 563 N.Y.S.2d 739, 565 N.E.2d 488 summarized New York law with respect to jurisdiction over foreign corporations pursuant to CPLR 301. ....................................................... 8

Laufer v. Ostrow, 55 NY2d 305, 309-310; Frummer v. Hilton Hotels Intl., 19 NY2d 53, 536; .... 8

Mellon Bank (East) P.S.F.S. v. Farino, 960 F.2d 1217 (3d Cir. 1992) .................................. 10

Mellon Bank (East) P.S.F.S. v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992)................................ 10

Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996)......................... 20

Metro. Life. Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996)....................... 20

Mirza v. Barnhart, 87 Soc. Sec. Rep. Serv. 467 (N.D. Ill. 2003) ................................................. 18

Orix Fin. Servs., Inc. v. Kielbasa, No. 01 Civ. 1789, 2007 U.S. Dist. LEXIS 88339, 2007 WL

    4258207,................................................................................................................................. 7

Patterson by Patterson v. FBI, 893 F.2d 595, 603-04 (3rd Cir. 1990). ......................................... 10

Schram v. O'Connor, 2 F.R.D. 192 (D.C. Mich. 1941)................................................................. 14

Simonson v. International Bank, 14 NY2d 281, 285; accord, ........................................................ 8

Tauza v. Susquehanna Coal Co., 220 N.Y. 259, 267; see also Laufer v. Ostrow, 55 N.Y.2d 305,

    310, supra.............................................................................................................................. 9

Terrydale Liquidating Trust v. Gramlich, 549 F.Supp. 529 (S.D.N.Y. 1982)............................. 11

Tozer v. Charles A. Krause Milling Co., 189 F.2d. 242 (3rd Cir. 1951)...................................... 15

Uni-Petrol Gesellschaft v. MT Lotus Maru, 607 F.Supp. 108 (S.D.N.Y. 1985). ........................ 11

United Coin Meter v. Seaboard Coastline R.R., 705 F.2d 839, 845 (6th Cir. 1983).................... 14

United States v. Assad, 179 F.R.D. 170, 172 (M.D.N.C. 1998) (emphasis supplied).................. 16

United States v. Williams, 109 F.Supp. 456 (D.C. Ark. 1952)............................................. passim

Vela v. Western Elec. Co., 709 F.2d 375, 376 (5th Cir. 1983)..................................................... 14

Warner Bros. Entm't Inc. v. Ideal World Direct, 516 F. Supp. 2d 261, 265 (S.D.N.Y. 2007) ....... 8

Woodbury v. Sears, Roebuck & Co., 152 F.R.D. 229 (M.D. Fla. 1993)...................................... 14

World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980).............................................. 10

World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980) ...................................... 10

{0098234? DOC.1 }

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted by Defendants, UB2B, Inc. ("UB2B"), Universal Food Trading ("Universal") and CMA Trading, Inc. ("CMA Trading") (collectively "Defendants") in support of their Motion to Vacate Default Judgment entered on May 27, 2008 against UB2B and Universal, and to dismiss Plaintiff's Complaint for lack of personal jurisdiction as to all defendants pursuant to F.R.C.P. 12(B)(2).

This genesis of this case arises from a contract dispute involving the delivery of defective goods by the Plaintiff, Quick Cuisine AG. On or about February 13, 2008, Plaintiff Quick Cuisine AG ("Quick Cuisine") filed a Complaint to collect for amounts allegedly due from Defendants. Due to defective service and circumstances beyond their control, Defendants could not respond to the Complaint or the Order to Show Cause for Default Judgment in a timely manner and plaintiff rushed to obtain a Default Judgment.

This instant motion seeks to vacate the Default Judgment pursuant to relief granted by F.R.C.P. 60(b)(4), or alternatively, F.R.C.P. 60(b)(1) and 60(b)(6). Defendants are entitled to the relief granted by F.R.C.P. 60(b)(4) as this action was inappropriately filed in New York in that the State of New York does not have personal jurisdiction over the Defendants. It is well established that the relief granted by Rule 60(b)(4) is mandatory and a meritorious defense is *not* necessary as on motions made under other 60(b) subsections. Am. Inst. of Certified Pub. Accountants v. Affinity Card, Inc., 8 F. Supp. 2d 372, 375 (S.D.N.Y. 1998) (citations omitted). Neither Defendants nor their transactions with plaintiff have any connections whatsoever to the State of New York. Subjecting Defendants to personal jurisdiction in New York under these circumstances would offend "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

Furthermore, Defendants are entitled to relief under F.R.C.P. 60(b)(1), or alternatively, 60(b)(6), as their inability to respond to Plaintiff's Complaint and subsequent Order to Show Cause resulting from Plaintiff's defective service of the Complaint and Order to Show Cause constitutes excusable neglect. Defendants can also demonstrate meritorious defenses to this action, and an absence of prejudice to plaintiff if default is vacated.

Finally, Plaintiff's Complaint must be dismissed as to all defendants pursuant to F.R.C.P. 12(b)(2) as this Court lacks personal jurisdiction over Defendants in this case.

## STATEMENT OF FACTS

This action arises from a contract dispute involving the delivery of defective goods by the Plaintiff, Quick Cuisine AG ("Quick Cuisine"). Defendants, UB2B, Inc. ("UB2B") and Universal Food Trading ("Universal") are based in Carlstadt, New Jersey. See Certification of Ulises Sabato, ¶2. ("Sabato Cert."); see also Certification of Fatima Siner, ¶3 ("Siner Cert."). Defendant CMA Trading, Inc. ("CMA Trading") maintains its principal place of business in Emerson, New Jersey. See Certification of Gus Eben, ¶2. (hereinafter "Eben Cert."). UB2B, Universal and CMA Trading operate entirely in New Jersey and have no agents, employees, property, showrooms, telephone numbers or bank accounts in the State of New York. See Sabato Cert., ¶¶4-7; Siner Cert., ¶¶5-8; Eben Cert. ¶¶4-5. The defendants are engaged in the business of distributing and selling merchandise, including food, to wholesalers and retailers. See Sabato Cert., ¶3; Siner Cert., ¶4; Eben Cert. ¶3. The Defendants do not regularly solicit business in New York. See Sabato Cert., ¶6; Siner Cert., ¶7; Eben Cert. ¶6. Plaintiff, Quick Cuisine AG, is a Swiss Corporation based out of Rotkreuz, Switzerland, and does not maintain offices in the United States. See Plaintiff's Complaint, ¶2, annexed to Certification of Michael J. Marotte, Esq. as **Exhibit 1** (hereinafter "Complaint").

Early in 2007, UB2B engaged in a series of discussions with representatives from Universal, CMA Trading and Plaintiff Quick Cuisine, for the purpose of negotiating a deal for the sale of self-heating meals (the "goods") by Quick Cuisine to UB2B, Universal and CMA Trading. UB2B, Universal and CMA Trading were operating under a joint venture agreement. Essentially all of the negotiations between the parties took place via e-mail or by telephone between New Jersey and Switzerland. See Sabato Cert., ¶¶10-13; Siner Cert., ¶¶11-15; Eben Cert. ¶8-10. Business meetings conducted in person were held at the headquarters of UB2B in

Carlstadt, New Jersey with the exception of one meeting attended by Ulises Sabato and a Quick Cuisine representative in Lille, France. Sabato Cert., ¶11, 13; Siner Cert., ¶14; Eben Cert., ¶¶11-12. Mr. Sabato of Universal visited one of Plaintiff's packing facilities in Lille, France. See Sabato Cert., ¶13. No business meeting between the parties occurred in New York. See Sabato Cert., ¶12; Siner Cert., ¶15; Eben Cert., ¶13. During negotiations, the only event that took place in New York was a social dinner engagement attended by Gus Eben of CMA Trading and Nicky Sevim of Quick Cuisine at a restaurant located near Mr. Sevim's New York City hotel. See Eben Cert., ¶14-15. A third individual by the name of Stephen Server was also present at dinner. This individual is not any employee or agent of any of the defendants. Aside from this dinner engagement, no other activity was conducted in New York that may be characterized as a "business transaction."

As a result of the negotiations, Defendants placed two orders with Quick Cuisine for the delivery of over 50,000 self-heating meals. See Complaint, annexed to Marotte Cert. as **Exhibit 1**. The goods were unique in that they contained a mechanism allowing for them to heat without the use of any external source. See Complaint, annexed to Marotte Cert. as **Exhibit 1**.

Upon delivery of the first order, Defendants quickly learned that many of the goods were defective. Plainly speaking, the goods simply failed to heat on their own and were therefore, devoid of the feature for which they were purchased. Nevertheless, Defendants paid for the entire order. See Complaint, ¶14. When the second order was delivered, the result was the identical. A significant number of goods failed to heat up, thereby rendering them defective. Several rounds of correspondence transpired between the parties to no avail. Due to the patently defective nature of the goods, Defendants did not pay for the second order.

On or about February 13, 2008, Plaintiff Quick Cuisine filed suit against CMA Trading,

UB2B, and Universal in the United States District Court for the Southern District of New York

under docket No. 08 Civ. 1601. See Complaint, annexed to Marotte Cert. as **Exhibit 1**. Plaintiff

sought to recover the amount of $89,686.13 alleged due from Defendants for goods delivered by

Quick Cuisine. Id. at ¶26. Although an Affidavit of Service of the Complaint was filed,

Universal has no record of being served with Plaintiff's Complaint. See Sabato Cert., ¶14. CMA

Trading was not served. No Affidavit of Service was ever filed with respect to CMA Trading.

Subsequently, Plaintiff filed an Order to Show Cause on May 1, 2008, seeking a default

judgment in favor of Plaintiff. See Order to Show Cause, annexed Cert. as **Exhibit 2**. This

filing was never served upon any of the Defendants. See Sabato Cert., ¶15; Siner Cert., ¶16. In

fact, no Affidavit of Service for the Order to Show Cause was ever filed with the Court.

Defendants never received this considerably important pleading. Id.

On May 22, 2008, Plaintiff's counsel submitted an affidavit for Judgment by Default in

the amount of $89,686.13 along with interest at 9% from September of 2007 in the amount of

$5,372.73 and costs in the amount of $625.00 for the purchase of a civil action number and

service on the Defendants. See Affidavit for Judgment by Default, annexed Marotte Cert. as

**Exhibit 3**. The affidavit, like the Order to Show Cause, was not served on Defendants. See

Sabato Cert., ¶16; Siner Cert., ¶17.

Only a few days later, on May 27, 2008, The Honorable Gerard E. Lynch U.S.D.J.

granted default judgment in the favor of Plaintiff for the total amount of $95,708.86, which

included the recovery amount plus interest and costs. Upon learning of the default judgment,

Defendants immediately began the search for counsel to address this claim. See Sabato Cert.,

¶18; Siner Cert., ¶19. Defendants' counsel contacted Plaintiff's counsel and requested Plaintiff's

consent to vacate the default judgment. See Certification of Michael J. Marotte, at ¶¶2-3.

Plaintiff's counsel denied this request. Defendants' instant motion seeks to vacate the default judgment entered against UB2B and Universal pursuant to F.R.C.P. 60(b)(4), or alternatively, 60(b)(1) and 60(b)(6). All defendants move to dismiss Plaintiff's Complaint pursuant to F.R.C.P. 12(b)(2) for lack of personal jurisdiction.

## LEGAL ARGUMENT

### POINT I

### THE DEFAULT JUDGMENT ENTERED AGAINST UB2B AND UNIVERSAL IS VOID PURSUANT TO F.R.C.P. 60(b)(4) BECAUSE IT WAS OBTAINED IN THE ABSENCE OF IN *PERSONAM JURISDICTION* OVER THESE DEFENDANTS

A default judgment is "the most severe sanction which the court may apply." Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995). "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." See Fed. R. Civ. P. 55(c). "A motion predicated on subsection four [of Rule 60(b)] is unique . . . in that relief is not discretionary *and a meritorious defense is not necessary* as on motions made pursuant to other 60(b) subsections." Am. Inst. of Certified Pub. Accountants v. Affinity Card, Inc., 8 F. Supp. 2d 372, 375 (S.D.N.Y. 1998) (citing Covington Industries, Inc. v. Resintex A.G., 629 F.2d 730, 732 n.3 (2d Cir. 1980) (emphasis added)). F.R.C.P. 60(b)(4) states, in relevant part, that

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . . .
>
> (4)      the judgment is void;
>
> . . . .

See F.R.C.P. 60(b)(4). A Rule 60(b)(4) motion must be made "within a reasonable time" after entry of the judgment. Fed. R. Civ. P. 60(b)(4); see also Beller & Keller v. Tyler, 120 F.3d 21, 24 (2d Cir. 1997); Orix Fin. Servs., Inc. v. Kielbasa, No. 01 Civ. 1789, 2007 U.S. Dist. LEXIS 88339, 2007 WL 4258207, at *2 (S.D.N.Y. Dec. 3, 2007).

"A judgment obtained in the absence of *in personam* jurisdiction is void, and a court must vacate such a judgment." China Mariners' Assurance Corp. v. M.T. W.M. Vacy Ash, No. 96 Civ. 9553, 1999 U.S. Dist. LEXIS 2674, 1999 WL 126921, at *3 (S.D.N.Y. Mar. 9, 1999) (citation omitted). Moreover, "It is well settled that where service of process has been improperly effected, any resulting default judgment is a nullity." DeMartino v. Rivera, 148 A.D.2d 568, 539 N.Y.S.2d 38 (2nd Dept. 1989). Where improper service occurs, the Court never had personal jurisdiction over the Defendants, and a default judgment must be unconditionally vacated. Anello v. Barry, 149 A.D.2d 640, 540 N.Y.S.2d 460 (2nd Dept. 1989).

"This Court must look to the law of New York to determine whether it has jurisdiction over a non-domiciliary defendant." Warner Bros. Entm't Inc. v. Ideal World Direct, 516 F. Supp. 2d 261, 265 (S.D.N.Y. 2007) (citing Bensusan Rest. Corp. v. King, 126 F.3d 25, 27 (2d Cir. 1997)). "If the exercise of jurisdiction is appropriate under that [New York] statute, the court then must decide whether such exercise comports with the requisites of due process." Bensusan, 126 F.3d at 27 (citing Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996)). The plaintiff bears the burden of showing that the court has jurisdiction over the defendant. Metro. Life Ins., 84 F.3d at 566.

A.    **CPLR 301 (Jurisdiction Over Foreign Corporations)**

The Court of Appeals in Landoil Resources Corp. v. Alexander & Alexander Services, Inc. (1990), 77 N.Y.2d 28, 563 N.Y.S.2d 739, 565 N.E.2d 488 summarized New York law with respect to jurisdiction over foreign corporations pursuant to CPLR 301.

> A foreign corporation is amenable to suit in New York courts under CPLR 301 if it has engaged in such a continuous and systematic course of "doing business" here that a finding of its "presence" in this jurisdiction is warranted. Laufer v. Ostrow, 55 NY2d 305, 309-310; Frummer v. Hilton Hotels Intl., 19 NY2d 53, 536; Simonson v. International Bank, 14 NY2d 281, 285; accord, Delagi v. Volkswagenwerk AG, 29 N.Y.2d 426, 430-431. The test for "doing

business" is a "simple [and] pragmatic one," which varies in its application depending on the particular facts of each case. <u>See</u> <u>Bryant v. Finnish Natl. Airline</u>, 15 <u>N.Y.2d</u> 426, 432; <u>see generally</u>, Siegel, NY Prac §§ 82,83. The court must be able to say from facts that the corporation is "present" in the State "not occasionally or casually, but with a fair measure of permanence and continuity." <u>Tauza v. Susquehanna Coal Co.</u>, 220 <u>N.Y.</u> 259, 267; <u>see also</u> <u>Laufer</u> <u>v. Ostrow</u>, 55 <u>N.Y.2d</u> 305, 310, supra.

It is when the quality and nature of the corporation's contacts with the State are sufficient to make it reasonable and just according to traditional motions of fair play and substantial justice that it be required to defend the action here. <u>International Shoe Co. v. Washington</u>, 326 <u>U.S.</u> 310, 90 <u>L.Ed.</u> 95, 66 <u>S.Ct.</u> 154 (1945).

None of the Defendants are "doing business" in New York sufficient to be "present" here within the meaning of CPLR §301. The Defendants have no place of business in New York, telephone number, warehouse, showroom, employees or other connections with New York. The Defendants do not regularly solicit business in New York, and have no agents, bank accounts or property in the State. <u>See</u> Sabato Cert., ¶¶ 4-7; Siner Cert., ¶¶ 5-8; Eben Cert., ¶¶4-7. Plaintiff's Complaint does not allege any New York State activity of any of the Defendants that is "sufficiently 'continuous, permanent, and substantial' to subject [Defendants] to jurisdiction under [CPLR section] 301." <u>First Cap. Asset Mgmt., Inc. v. Brickellbush. Inc.</u>, 218 <u>F. Supp. 2d</u> 369, 393 (S.D.N.Y. 2002) (quoting <u>Wiwa v. Royal Dutch Petroleum Co.</u>, 226 <u>F.3d</u> 88, 95 (2d Cir. 2000)). The vast majority of business contact between the parties was conducted via e-mails and by telephone between New Jersey domiciliaries and a Switzerland company that has no presence in the United States of America.

Accordingly, the default judgment entered against the Defendants is void, and the court must vacate such a judgment irrespective of a meritorious defense. <u>China Mariners' Assurance</u> <u>Corp. v. M.T. W.M. Vacy Ash</u>, No. 96 Civ. 9553, 1999 <u>U.S. Dist. LEXIS</u> 2674, 1999 <u>W.L</u>

126921, at *3 (S.D.N.Y. Mar. 9, 1999) (citation omitted); see also Am. Inst. of Certified Pub. Accountants v. Affinity Card, Inc., 8 F. Supp. 2d 372, 375 (S.D.N.Y. 1998) (citations omitted).

**B.    CPLR 302 (Long Arm Statute)**

A court may only exercise personal jurisdiction over a defendant if the defendant has "[c]ertain minimum contacts… such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Calder v. Jones, 465 U.S. 783, 788 (1984) (quoting Int'l Shoe, 326 U.S. at 316 (1945)). Those must arise from "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). A defendant must reasonably anticipate being "haled into court" in the forum state, or jurisdiction will fail. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). The plaintiff bears the burden of proving that the defendant has sufficient contacts with the forum state to justify asserting personal jurisdiction. Mellon Bank (East) P.S.F.S. v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992) ("the burden falls upon the plaintiff to come forward with sufficient facts to establish that jurisdiction is proper"). The plaintiff must demonstrate contacts "with reasonable particularity," not just with general averments and vague assertions (as found in plaintiffs' Complaint). Patterson by Patterson v. FBI, 893 F.2d 595, 603  04 (3rd Cir. 1990).

New York's long arm statute does not permit exercise of personal jurisdiction as far as may be constitutionally permitted.  Interface Biomedical Lab. Corp., 600 F.Supp. 731 (E.D.N.Y. 1985).  Rather, each court must determine the issue of personal jurisdiction individually for each cause of action asserted in the complaint.  Id.  C.P.L.R. §302(a)(1) provides that:

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or its executor or administrator, who in person or through an agent: (1) transacts any

business within the state or contracts anywhere to supply goods or
services in the state.

The limited parameters of the long arm statute were highlighted in <u>Terrydale Liquidating</u>

<u>Trust v. Gramlich</u>, 549 <u>F.Supp.</u> 529 (S.D.N.Y. 1982). In <u>Terrydale</u>, the Plaintiff sought to base

jurisdiction over defendant pursuant to <u>C.P.L.R.</u> §302(a)(1). The complaint enumerated several

mail and telephone contacts that the defendant had with New York. <u>Id.</u> at 531. Defendant in that

case retained New York counsel to advise it about the deal and even was party to a meeting in

New York. Despite these contacts, this Court found that plaintiff failed to illustrate that their

cause of action resulted from a transaction of business in New York. <u>Id.</u>

The limited application of <u>C.P.L.R.</u> §302(a)(1) specifically requires that the cause of

action stem from the business transacted. <u>Uni-Petrol Gesellschaft v. MT Lotus Maru</u>, 607

<u>F.Supp.</u> 108 (S.D.N.Y. 1985). In <u>Uni-Petrol</u>, the plaintiff contended that at the time that

defendant was shipping oil for Uni-Petrol, defendant made use of a New York broker to charter

the required boat. <u>Id.</u> at 110. Moreover, defendant in that case entered charter agreements

providing for receipt of payment in New York as well as resolution of disputes by arbitrations in

New York. <u>Id.</u> In light of these factors, this Court found that these contacts were insufficient to

satisfy the requirements of due process and that defendant did not "purposely avail itself of the

privilege of conducting activities within." <u>Id.</u> Furthermore, these connections were not enough

to constitute the transaction of business. <u>Id.</u>

Plaintiff's Complaint alleges that "a series of meetings" in New York between the parties

in which two orders were allegedly placed with Plaintiff as the basis for claiming personal

jurisdiction over the Defendants in this forum. <u>See</u> Complaint, ¶13. Contrary to these

allegations, there had been one "meeting" in New York. The meeting can more fairly be

described as a social engagement rather than a business meeting. Gus Eben of CMA Trading

took Nicky Sevim of Quick Cuisine AG to dinner in New York. See Sabato Cert., ¶15. Other than dinner in New York, no other activities were conducted in New York that may be fairly characterized as a "business transaction." The only business meetings between the parties were held in the office/warehouse of UB2B located in Carlstadt, New Jersey. Significantly, neither a representative of Universal Food Trading nor a representative of UB2B ever met Nicky Sevim or any other representative of Quick Cuisine in New York. See Sabato Cert., ¶13; Siner Cert., ¶9-10. Mr. Ulises Sabato of Universal Food Trading did, however, meet a representative of Quick Cuisine on a visit to one of Quick Cuisine's packing facilities in Lille, France. See Sabato Cert., ¶13. Nevertheless, Mr. Sabato's one meeting in Lille, France is woefully inadequate to confer personal jurisdiction over Universal Food Trading in New York.

As to CMA Trading, a single "meeting" in New York - where none of the parties maintain offices - hardly amounts to purposeful activity in the forum state particularly where, as here, the "meeting" amounted to nothing more than a social engagement in New York City. Plaintiff would be hard pressed to argue that dinner in New York is sufficient to constitute conscious effort to obtain the protection or benefits of New York law concerning any aspect of plaintiff's stated causes of action. See El Cid, Ltd. v New Jersey Zinc Co., 444 F. Supp. 845 (S.D.N.Y. 1977) (stating that "[t]o determine whether the type of activity conducted within New York is sufficient to constitute "transacting business", the facts of each case must be examined to determine whether looking at the totality of the defendant's activities within the forum, the defendant has engaged in purposeful activity by which he has invoked the benefits and protections of New York law).

The vast majority of discussions between the parties took place both before and after the "meeting" in New York. Virtually all of negotiations between the parties were conducted via e-

mail or by telephone between New Jersey and Switzerland.    All in-person meetings were conducted in New Jersey with the exception of the Lille, France visit by Mr. Sabato.    The Defendants, all New Jersey domiciliaries, never anticipated or contemplated that a single "meeting" in New York would embroil them in litigation in New York with a Switzerland based company.

The evidence is overwhelming that the parties intended New Jersey - not New York - to be the forum for resolving disputes.    The Letter of Intent, which the parties began negotiating but did not execute, evidences the intent of the parties to make New Jersey the exclusive venue to resolve disputes arising from the agreement to distribute Quick Cuisine's products.    See Letter of Intent, annexed to Marotte Cert. as **Exhibit 4**.    The Letter of Intent contains a forum selection clause that designates New Jersey as the venue for resolving all contract disputes to the exclusion all other venues and all other jurisdictions.    Id. at ¶10.    Paragraph 10 states, in relevant part, that:

> Any controversy or claim arising out of or relating to this Letter of Intent or the Distributorship Agreement shall be settled by arbitration in accordance with the rules of the American Arbitration Association, by one Arbitrator, in the City of Hackensack in the State of New Jersey, and shall be enforceable in any court having competent jurisdiction.

Id. (emphasis added).    Accordingly, New York's long arm statute does not permit exercise of personal jurisdiction of the Defendants.

<u>POINT II</u>

**DEFAULT JUDGMENT ENTERED AGAINST UB2B AND UNIVERSAL IN FAVOR OF PLAINTIFF MUST BE VACATED PURSUANT TO F.R.C.P. 60(B)(1)**

Alternatively, Defendants move to vacate the default judgment in favor of plaintiff pursuant to Fed. R. Civ. P. 60(b)(1). <u>F.R.C.P.</u> 60(b)(1) provides that: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for…mistake, inadvertence, surprise, or excusable neglect." Courts are to construe this rule liberally to ensure that a doubtful case may be resolved upon its merits. <u>Hibernia Nat'l Bank v. Administration Central Sociedad Anonima</u>, 776 <u>F.2d</u> 1277, 1279 (5th Cir. 1985); <u>see also</u> <u>Laguna Royalty Co. v. Marsh</u>, 350 <u>F.2d</u> 817, 823 (5th Cir. 1965). Furthermore, the decision to grant or deny relief under 60(b)(1) is within sound discretion of the trial court. <u>Hibernia</u>, at 1279; <u>see also</u> <u>Vela v. Western Elec. Co.</u>, 709 <u>F.2d</u> 375, 376 (5th Cir. 1983).

"In ruling on a motion to set aside a default judgment under 60(b)(1), the courts generally look at three factors: (1) the extent of the prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of defendant's conduct." <u>Hibernia</u>, at 1280; <u>see also</u> <u>United Coin Meter v. Seaboard Coastline R.R.</u>, 705 <u>F.2d</u> 839, 845 (6th Cir. 1983); <u>Feliciano v. Reliant Tooling Co.</u>, 691 <u>F.2d</u> 653, 656 (3rd Cir. 1982).

Notably, a finding of excusable neglect is within the discretion of the court. <u>Schram v. O'Connor</u>, 2 <u>F.R.D.</u> 192 (D.C. Mich. 1941). Generally, good cause and excusable neglect are treated alike under the excusable neglect standard of <u>F.R.C.P.</u> 60(b). <u>Insurance Co. of North America v. Morrison</u>, 154 <u>F.R.D.</u> 278, 280 (M.D. Fla. 1994); <u>see also</u> <u>Woodbury v. Sears, Roebuck & Co.</u>, 152 <u>F.R.D.</u> 229 (M.D. Fla. 1993). A party's failure to appear for a lack of notice is a prime example of excusable neglect. In a case involving a defendant's failure to

appear for a lack of notice, the Third Circuit found that a defendant's motion to set aside a default judgment for lack of notice constitutes excusable neglect even when the defendant itself failed to notify the secretary of state of the change in address of its registered agent. Tozer v. Charles A. Krause Milling Co., 189 F.2d. 242 (3rd Cir. 1951). In another case addressing a default judgment resulting from lack of notice, a court granted relief to a party as the default judgment took place absent any notice to the moving party. Bituminous Cas. Corp. v. Garcia, 223 F.R.D. 308 (N.D. Tex. 2004). The court found that the moving party was without any negligence or carelessness. Id.

The facts of the instant case involving a default judgment are precisely the type warranting relief under F.R.C.P. 60(b)(1). As a preliminary matter, vacation of the default judgment against UB2B and Universal presents absolutely no prejudice to plaintiff. The dispute at hand requires a proper adjudication of the issues at bar. The underlying case involves a breach of contract and warranty for the sale of goods. The Complaint makes evident that the issue of breach of contract exists. See Complaint. An appearance by Defendants in defense of this action is just, and hardly prejudicial, particularly when default judgment was entered less than three (3) months ago.

Equally important are the merits of Defendants' asserted defenses. The facts illustrate an issue as to the breach of contract on behalf of plaintiff. In this case, a contract between plaintiff and Defendants required that plaintiff provide significant goods to defendants. See Exhibits B and C, annexed to Complaint attached as **Exhibit 1** to Marotte Certification. Although Plaintiff claims a breach of the contract by Defendants for failure to pay for the goods, Defendants contend that the goods provided in this case were defective and therefore, plaintiff failed to fulfill its contractual obligations. The goods at issue in this case are self-heating ready to eat meals

which are sold under various trade names, including "Quick Cuisine" and "Hot Box." See Complaint, Exhibit A. The goods, if operating correctly, contain technology allowing them to heat independent of any external heat source. Defendants provide proofs indicating that many of the meals they received from plaintiff were defective for failing to heat up. Buttressing this contention is the expert report of Professor Joan Llorens Llacuna. See Llacuna Report, annexed Marotte Cert. as **Exhibit 5**. After examining multiple cans of the meals developed by Quick Cuisine, Professor Llacuna concluded that the products "do not meet the conditions for the correct process of auto heating mixing with water." See Llacuna Report. Furthermore, the expert determined that the auto-heating capacity of the product is "enormously limited." Id.

Courts have determined that a moving party is not required to establish a meritorious defense by a preponderance of the evidence. United States v. Assad, 179 F.R.D. 170, 172 (M.D.N.C. 1998) (emphasis supplied); see also Central Operating Co. v. Utility Workers of America, 491 F.2d 245 (4th Cir. 1974). Rather, the moving party is only required to make a "proffer of evidence which would permit a finding in its favor." Assad, at 172; see also Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988). In the instant case, not only is the Defendants' testimony enough to potentially permit a finding in its favor, Defendants provide an expert report essentially verifying their allegations. These proofs alone fulfill the 60(b)(1) requirement of a meritorious defense.

Finally, Defendants are absent any culpability in the default of this case. Plaintiff failed to serve Defendants with the notice of default judgment, Court Orders, Order to Show Cause, and as to some defendants the Complaint in this matter. See Defendants' Certifications. Failing to appear due to a lack of notice is far from culpable conduct on the part of Defendants. A fundamental premise of our legal system is to allow a party to an action the right to appear in

Court and defend itself, herself or himself.  This is known as Due Process of law.  Here, the Defendants were not served with the signed Order to Show Cause and were denied Due Process because they were not given proper notice of the application before the Court.  This Court should vacate the default Judgment because Defendants were not served and the Court therefore lacked personal jurisdiction.  C.P.L.R. § 5015(a)(4) states that a party can be granted relief from a Judgment or Order when the Court lacked jurisdiction.  "It is well settled that where service of process has been improperly effected, any resulting default judgment is a nullity."  DeMartino v. Rivera, 148 A.D.2d 568, 539 N.Y.S.2d 38 (2nd Dept. 1989).  Where improper service occurs, the Court never had personal jurisdiction over the defendant.  Id.

   For these reasons, Defendants' motion to vacate default judgment for excusable neglect should be granted.

### POINT III

### DEFAULT JUDGMENT ENTERED AGAINST UB2B AND UNIVERSAL IN FAVOR OF PLAINTIFF MUST BE VACATED PURSUANT TO F.R.C.P. 60(B)(6)

Alternatively, Defendants move to vacate the default judgment pursuant to Fed. R. Civ. P. 60(b)(6). F.R.C.P. 60(b)(6) provides that: "On motion and upon such terms as are just, the court may relieve a party …from a final judgment…[for] any reason justifying relief from the operation of the judgment." The Third Circuit has held that this rule "should be given a liberal construction [and] [a]ny doubt should be resolved in favor of the petition to set aside judgment so that cases may be decided on the merits." Feliciano v. Reliant Tooling Co., 691 F.2d 653, 656 (3ʳᵈ Cir. 1982). Courts are authorized to set aside judgment under "other reasons" clause when justice calls for the judgment to be set aside. United States v. Williams, 109 F.Supp. 456 (D.C. Ark. 1952). In a sense, Rule 60(b)(6) is a catchall provision providing relief when the grounds do not fit under any of the other sections of F.R.C.P. 60(b). Mirza v. Barnhart, 87 Soc. Sec. Rep. Serv. 467 (N.D. Ill. 2003).

Ultimately, the standard for invoking relief under 60(b)(6) is identical to relief under 60(b)(1) which require evaluation of the following factors: (1) the extent of the prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of defendant's conduct." Hibernia, at 1280. As discussed above, Defendants fulfill each of these requirements to the entirety. Defendants' were subject to a default judgment for no other reason than a lack of notice. Defendants did not receive the Order to Show Cause or Complaint in this case. Justice requires for this judgment to be set aside. Defendants have illustrated the lack of any prejudice to plaintiff, the significant merit of their defenses, as well as the absence of any culpability on

their behalf.  For these reasons, Defendants' motion to vacate the default judgment pursuant to

<u>F.R.C.P.</u> 60(b)(6) must be granted.

## POINT IV

### PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS TO ALL DEFENDANTS PURSUANT TO F.R.C.P. 12(B)(2) BECAUSE THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER THE DEFENDANTS

Defendants moves to dismiss the plaintiff's Complaint in its entirety per Fed. R. Civ. P. 12(b)(2).

"On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996) (citation omitted). "[A]ll allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party." A.I. Trade Fin., Inc. v. Petra Bank, 989 F.2d 76, 79-80 (2d Cir. 1993) (citations omitted). Where "the parties have conducted extensive discovery regarding the defendant[s'] contacts with the forum state, but no evidentiary hearing has been held . . . 'the plaintiff's prima facie showing, necessary to defeat a jurisdiction testing motion, must include an averment of facts that, if credited by [the ultimate trier of fact], would suffice to establish jurisdiction over the defendant[s].'" Metro. Life. Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996) (quoting Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990) (alteration in original)).

This Court does not have personal jurisdiction over any of the Defendants for the reasons set forth under Point I of this Memorandum of Law. Therefore, the Complaint must be dismissed as to all Defendants.

## <u>CONCLUSION</u>

This Court should vacate default judgment against UB2B and Universal pursuant to various grounds enumerated in <u>F.R.C.P.</u> 60(b)(4), and alternatively, 60(b)(1) and 60(b)(6). Furthermore, Plaintiff's Complaint should be dismissed as to all defendants for lack of personal jurisdiction pursuant to <u>F.R.C.P.</u> 12(b)(2).

Dated:  Morristown, New Jersey
       August 20, 2008

Respectfully submitted,
SCHENCK, PRICE, SMITH & KING, LLP

<u>/s/ John P. Campbell (JC-8746)</u>
John P. Campbell (JC-8746)
305 Broadway, Suite 900
New York, New York 10007
(212) 822-1494
Attorneys for Defendants, UB2B Inc., CMA
Trading Inc., and Universal Food Trading

[0098234 DOC,1]