UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| QUICK CUISINE AG,<br><br>Plaintiff,<br><br>v.<br><br>UB2B INC., CMA TRADING INC., and<br>UNIVERSAL FOOD TRADING,<br><br>Defendants. | Case No.: 08-CV-1601<br>(Lynch, J.) (Francis, M.J.)<br><br><br><br>*CERTIFICATION OF*<br>*FATIMA SINER* |

Fatima Siner, of full age and being sworn upon here oath certifies as follows:

1. I am the President of UB2B, Inc. (hereinafter "UB2B").

2. UB2B is corporation organized and existing under the laws of the State of New Jersey.

3. UB2B maintains its principal place of business at 463 Barell Avenue, Carlstadt, New Jersey.

4. UB2B is engaged in the business of distributing and selling consumer products to wholesalers and retailers.

5. UB2B has no place of business or operations in the State of New York.

6. UB2B has no telephone number, warehouse, showroom, property, bank account, employees or other such connections within the State of New York.

7. UB2B does not does not regularly solicit business in the State of New York.

8. UB2B does not have any agents in the State of New York.

9. UB2B never attended any dinner engagements with the plaintiff in New York.

10. The only dinner engagement with plaintiff was at Gianna's Restaurant located in Carlstadt, New Jersey.

11. The primary means of communication and activity between the parties in this case took place by electronic mail ("e-mail") or by telephone between New Jersey and Switzerland.

12. UB2B does not engage in any continuous, permanent, or substantial activity in the State

of New York.

13. Nearly all the negotiations concerning the transaction between Plaintiff and Defendants were conducted via e-mail or by telephone between New Jersey and Switzerland.

14. Any business meetings conducted in person concerning the underlying transaction were held in Carlstadt, New Jersey.

15. UB2B did not conduct any business meetings concerning the underlying transaction in the State of New York.

16. Upon information and belief, UB2B was not served with the Order to Show Cause.

17. Upon information and belief, UB2B was not served with the Affidavit of Judgment by Default.

18. Upon information and belief, UB2B was not served with the default judgment.

19. Upon learning of the default judgment, UB2B immediately began the process of retaining counsel.

20. This certification is offered in support of UB2B's motion to vacate default judgment pursuant to FRCP 60(b) and to dismiss the Plaintiff's Complaint for lack of personal jurisdiction pursuant to FRCP 12(b)(2).

I certify that the foregoing statements made by me are true to the best of my knowledge. I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

By: _____
UB2B, Inc.
Fatima Siner, President

Dated: August 11, 2008

*00981109*

{00981109.DOC;1 }